IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RASHOD A. McKAY,            )
                            )
        Petitioner,         )
                            )
                            )      CIV-14-233-R
v.                          )
                            )
JOHN FOX, Warden,           )
                            )
        Respondent.         )

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent has responded to the Petition, and Petitioner was advised of his opportunity to reply to the response on or before May 13, 2014. See Order (Doc. # 11). However, the time allotted Petitioner to file a reply has expired. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

In his Petition, Petitioner alleges that the United States Bureau of Prisons ("BOP") is not calculating his sentence accurately. Petitioner contends that under 18 U.S.C. § 3585(b) the BOP should give him credit in his sentence calculation for "pre-sentence confinement time" of approximately 17 months because his original sentence entered in the United States District Court for the District of Nebraska on December 1, 2004, afforded him credit for pre-

1

sentence confinement time "while also serving his state sentence" from his arraignment date on September 9, 2003. Petitioner asserts that the judge who sentenced him on December 1, 2004, "made his intent clear" that "the time the petitioner spent in pre-trial custody, while also serving his state sentence, [was] to be awarded towards his Federal sentence."

Petitioner's sentencing history is somewhat complicated. To summarize, on April 6, 2001, Petitioner was sentenced in Arapahoe County District Court in Littleton, Colorado to a 30-month term of imprisonment. On January 22, 2003, Petitioner was sentenced to an additional 4-year term of imprisonment in Arapahoe County District Court in Littleton, Colorado.

On June 18, 2003, Petitioner was indicted on a federal charge in the United States District Court for the District of Nebraska. On August 15, 2003, while he was in state custody serving the above-described state sentences, Petitioner was transferred to federal custody pursuant to a federal writ of habeas corpus ad prosequendum to face the federal charge of Conspiracy to Possess with Intent to Distribute Crack Cocaine. While in temporary federal custody pursuant to the writ, Petitioner completed his state sentences of incarceration on September 26, 2004, and he was released by the Colorado Department of Corrections ("CDOC").

On December 1, 2004, Petitioner was sentenced in the United States District Court for the District of Nebraska to a 307-month term of imprisonment for his conviction on the Conspiracy charge. The record of the sentencing proceeding, a partial copy of which is attached to Respondent's Response, reflects the following statement, in relevant part, made

by Senior United States District Judge Strom during the sentencing:

> It will be the sentence of the Court that you will be committed to the Bureau of Prisons for a term of 307 months. The judgment and committal order should reflect that the Court has already given the defendant credit for time that he has served since his arrest in August of 2003 on this charge.

Response (Doc. # 10), Ex. 4, at 7. The judgment entered in Petitioner's federal criminal case consistently reflects that "[t]he Court has given credit to the defendant for time served since his arrest of August 2003 on this charge."

The BOP calculated Petitioner's federal sentence as beginning on December 1, 2004, and gave him credit for time spent in federal custody from September 27, 2004 (the first day he was in exclusive federal custody following his release on parole by the CDOC) through November 30, 2004.

On March 10, 2005, Petitioner was resentenced before District Judge Strom in federal court. In an amended judgment entered in the criminal case, Petitioner was sentenced to a 210-month term of imprisonment. During the resentencing proceeding, District Judge Strom stated, in relevant part, that

> when I said that I had concluded that maybe a sentence of 210 months would be the appropriate sentence for the defendant, I had already calculated in the time previously served that I deducted from the prior sentence, so . . . it will be the sentence of the Court that the defendant will be committed to the custody of the Bureau of Prisons for a term of 210 months. I will give him credit for time that he has served since the Court last sentenced him in this matter.

Response (Doc. # 10), Ex. 4, at 11. The amended judgment consistently reflects that

3

Petitioner will "receive credit for time served since December 1, 2004." The BOP updated Petitioner's sentence computation record to reflect this reduction in his sentence. The BOP again calculated Petitioner's sentence to reflect he was credited for presentence federal custody from September 27, 2004 through November 30, 2004.

On February 1, 2010, Petitioner was resentenced again pursuant to the retroactive amendment to the cocaine base sentencing guidelines. Petitioner was sentenced to a 168-month term of imprisonment, "considering the prior computation of specific offense characteristics, adjustments, and departures." Judge Strom recommended that Petitioner be given "credit for time served." Response (Doc. # 10), Ex. 3, at 13-14. The BOP again updated his sentence computation record to reflect this reduction in Petitioner's sentence. The BOP again calculated Petitioner's sentence to reflect he was credited for presentence federal custody from September 27, 2004 through November 30, 2004. Petitioner's projected release date is January 8, 2017.

"The computation of a federal sentence requires consideration of two separate issues. Initially, we determine the commencement date of the federal sentence and then turn to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence." Binford v. United States, 436 F.3d 1252, 1254 (10th Cir. 2006). Pursuant to 18 U.S.C. § 3585(a), a federal sentence commences "on the date the defendant is received in custody. . . ." Thus, "[a] federal sentence does not commence until a prisoner is actually received into federal custody for that purpose." Binford, 436 F.3d at 1255. In this case, the BOP accurately determined that Petitioner's federal sentence commenced on

December 1, 2004.

Pursuant to 18 U.S.C. § 3585(b), a federal defendant is entitled to credit toward the service of a federal term of imprisonment "for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." In Petitioner's case, the judge who presided over his original sentencing stated that he had adjusted Petitioner's sentence to afford him credit for time he served "since his arrest in August 2003 on this charge." This adjustment was made by the presiding judge. The adjustment was not a computation of sentence credit due Petitioner under § 3585(b).

Even if, as Petitioner argues, the presiding judge "wanted the time the petitioner spent in pre-trial custody, while also serving his state sentence, to be awarded towards his Federal sentence," Petition, at 8, the judge who presided over Petitioner's original sentencing was not authorized to compute Petitioner's sentence credit under § 3585(b) because "Congress has indicated that computation of the credit must occur after the defendant begins his sentence." United States v. Wilson, 503 U.S. 329, 333-334 (1992).

When the BOP calculated Petitioner's sentence, the BOP was not required to give, and was statutorily prevented by § 3585(b) from giving, Petitioner credit on his federal sentence for time that he had spent in state custody prior to the discharge of his state sentences. See United States v. Simpson, 525 Fed. App'x. 733, 735 (10th Cir. 2013)(unpublished op.)("Section 3585(b) allows a federal defendant to be given credit toward his federal term of imprisonment only if that time 'has not been credited against another sentence.'").

In Petitioner's first resentencing in March 2005, the presiding judge reduced

Petitioner's sentence and noted that his new sentence calculation took into consideration previous adjustments to Petitioner's sentence for "time previously served that [he] deducted from the prior sentence." In calculating Petitioner's new sentence after his resentencing, the BOP appropriately determined that Petitioner's sentence commenced on December 1, 2004, and that Petitioner was afforded credit only for time spent in exclusive federal custody from September 27, 2004 through November 30, 2004. It would not have been appropriate for the BOP to give Petitioner credit for any time he spent in state custody prior to September 27, 2004, because he had received credit for this time toward his state sentences.

In Petitioner's second resentencing in February 2010, the presiding judge noted that in determining Petitioner's new sentence he had considered the previous adjustments to Petitioner's sentence made in the original sentencing and recommended that Petitioner be given "credit for time served." In calculating Petitioner's new sentence, the BOP appropriately determined that Petitioner's sentence commenced on December 1, 2004, and that Petitioner was afforded credit for time spent in exclusive federal custody from September 27, 2004 through November 30, 2004. Again, it would not have been appropriate for the BOP to give Petitioner credit for any time he spent in state custody prior to September 27, 2004, because he had received credit for this time toward his state sentences.

No court has ordered that Petitioner's federal sentence run concurrently with his state sentences or that Petitioner's federal sentence commenced prior to the date of his original sentencing on December 1, 2004. Petitioner has received credit against his federal sentence for all of the time he spent in custody with respect to his federal offense. Accordingly,

Petitioner is not entitled to habeas relief, and his request for habeas relief should be denied.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___June 9th___ , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___19th___ day of __May__, 2014.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE